PALMER *v.* SANDERS

5-3884                                          402 S. W. 2d 680

Opinion delivered May 16, 1966

*J. B. Milham* and *Gladys M. Wied,* for appellant.

No brief filed for appellee.

GEORGE ROSE SMITH, Justice. Upon the death of A. B. Smith in 1930 the tract of land now in dispute was inherited by his eight children. In 1962 one of the children, the appellee Annie Sanders, brought this suit for a partition of the land, asserting record title to a two-eighths interest. The defendants are another of Smith's daughters, Celestia Palmer, who has a five-eighths interest, and the heirs of a third daughter, Kate Schlachlin, who owned the other one-eighth interest at her death in 1954. Upon the filing of the complaint a warning order was published against the Schlachlin heirs, but they did not appear in the case.

Mrs. Palmer filed a cross complaint asserting title

by adverse possession to the entire tract. Upon trial the chancellor rejected the claim of title by adverse possession and ordered that the land be partitioned among the owners. In this court Mrs. Palmer renews her insistence that she has acquired title to the whole tract.

We agree with the chancellor's conclusion that title by adverse possession was not established by the testimony. Mrs. Palmer occupied the land and paid the taxes during the years between her father's death in 1930 and the filing of this suit in 1962. It is firmly settled, however, that mere possession and payment of taxes are not evidence of adverse possession as between tenants in common. A cotenant who relies upon adverse possession must go a step farther by proving that he asserted a hostile claim and that notice thereof was brought home to his co-owners. *Smith* v. *Kappler,* 220 Ark. 10, 245 S. W. 2d 809 (1952). There is no such proof in this case. Quite the opposite, the fact that Mrs. Palmer obtained conveyances from four of her brothers and sisters shows that she recognized their ownership.

Mrs. Palmer testified that she sold timber from the land in 1959 and that she made extensive repairs to the house about three years before the case was tried. Even if such acts should be treated as the assertion of a hostile claim they are ineffective in this instance, for they occurred less than seven years before suit was brought. *Smith* v. *Kappler, supra.*

The appellant also argues that in any event she was entitled to a default judgment against the Schlachlin heirs. It was incumbent upon Mrs. Palmer, in asserting a new cause of action against her codefendants, to bring them into court by service of process. Ark. Stat. Ann. §§ 27-1134 and -1135 (Repl. 1962); *Pillow* v. *Sentelle,* 49 Ark. 430, 5 S. W. 783 (1887). There is no indication that any process was issued upon the cross complaint; so the Schlachlin heirs were not in default in failing to respond to that pleading.

The appellant's remaining argument, that the deed by which Mrs. Sanders acquired the interest of one of her brothers was void on account of a defective acknowledgment, is not of sufficient merit to warrant discussion.

Affirmed.